IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Case No. 11-cv-01739-RBJ

ROBERT SCHWARTZ,

    Applicant,

v.

PAMELA PLOUGHE, Warden, C.T.C.F.,

    Respondent.

___

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS
___

This matter comes before the Court on the *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") (Doc. #2) filed July 1, 2011, by Applicant Robert Schwartz. On September 6, 2011, Respondent was ordered to show cause why the Application should not be granted. Respondent has filed a Response to Order to Application for Writ of Habeas Corpus ("Response") (Doc. #12) and Applicant has filed a Reply Brief to Response to Application for Writ of Habeas Corpus ("Reply") (Doc. #15). After reviewing the pertinent portions of the record in this case including the Application, the Response, and the Reply, the Court concludes that the Application should be denied.

## I. BACKGROUND

Applicant is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Applicant is serving a sentence of thirty years in prison pursuant to a guilty plea to multiple counts of sexual assault on a child and aggravated incest in Denver District Court case number 88CR2063. (*See*

Doc. #2 at 2; Doc. #12-1 at 3.) On June 1, 2011, Applicant met with Colorado State Board of Parole member Celeste Quinones for a parole interview to determine whether he should be recommended for parole. The Parole Board did not recommend Applicant for parole and instead opted to defer his parole application until December 2011 because of aggravating factors and circumstances of his offenses. (*See* Doc. #12-1 at 3.)

Applicant asserts three claims for relief in the Application, each of which challenges the June 2011 denial of parole. He first claims that Ms. Quinones refused to consider credible evidence he sought to present at his parole interview pertaining to his efforts over a period of years to be readmitted to the DOC sex offender treatment program. Applicant alleges that Ms. Quinones instead relied on erroneous information in a May 2010 parole plan that had been prepared by a vindictive case manager without Applicant's knowledge. Applicant alleges in his second claim, which is related to the first claim, that Ms. Quinones was ignorant of his true sexual history and believed erroneously that Applicant had not participated in sex offender treatment. In his third claim, Applicant contends that Ms. Quinones did not allow him to correct the DOC's erroneous determination that he was not eligible for parole until he served seventy-five percent of his sentence. According to Applicant, he should have been eligible for parole after serving fifty percent of his sentence.

## II. LEGAL STANDARDS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus

relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Court must construe Applicant's claims and arguments liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Construing the Application liberally, the Court finds that Applicant is claiming that the denial of release on parole violates his constitutional right to due process.

## II. DISCUSSION

The instant action was timely filed within one year after the June 2011 denial of parole. In addition, Applicant is not required to exhaust state remedies prior to challenging the denial of parole in this habeas corpus action. *See Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998). Therefore, the Court will consider the merits of Applicant's claims.

The United States Constitution guarantees due process only when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Applicant was not deprived of life or property when he was denied release on parole in June 2011. Therefore, he was not entitled to any procedural protections in connection with the denial of parole unless he was deprived of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480-84 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest may arise from either the United States Constitution itself or from state or federal law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th

Cir. 1998). However, it is clear that the Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

An examination of the parole scheme applicable to Applicant demonstrates that Applicant also does not have a constitutionally protected liberty interest that arises under Colorado state law. "For defendants serving sentences in Colorado for crimes committed on or after July 1, 1985, the [Parole] Board has unlimited discretion to grant or deny parole." *Mulberry v. Neal*, 96 F. Supp.2d 1149, 1150 (D. Colo. 2000); *see also Thiret v. Kautzky*, 729 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6). Applicant states that he is serving a sentence for crimes committed in 1986. (*See* Doc. #2 at 2-4; Doc. #15 at 2.) Therefore, the parole board's decision is discretionary under state law and does not give rise to a constitutionally protected liberty interest. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009) (reaffirming that "a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it."). In the absence of a constitutionally protected liberty interest, Applicant is not entitled to any procedural protections prior to being denied parole and any due process claim Applicant is asserting based on the denial of parole lacks merit and must be dismissed.

Even assuming the denial of parole did implicate a constitutionally protected liberty interest, judicial review is narrow because "parole determinations inherently do not lend themselves to concrete and identifiable standards." *Schuemann v. Colo. State Bd. of Parole*, 624 F.2d 172, 174 (10th Cir. 1980). "[T]he district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth*, 147 F.3d at 1236; *see also Schuemann*, 624 F.2d at 173

(stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion."). The parole board's decision regarding whether to release an inmate is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz*, 442 U.S. at 9-10. The Court's "inquiry is only whether there is a rational basis in the record for [the parole board's] conclusions embodied in its statement of reasons." *Mulberry*, 96 F. Supp.2d at 1151. "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion." *Id.*

Under Colorado law, a parole interview shall be conducted by one or more parole board members as follows:

> Whenever an inmate initially applies for parole, the board shall conduct an interview with the inmate. At such interview at least one member of the board shall be present. Any final action on an application shall not be required to be made in the presence of the inmate or parolee, and any such action shall require the concurrence of at least two members of the board. When the two members do not concur, a third member shall review the record and, if deemed necessary, interview the applicant and cast the deciding vote. Any subsequent application for parole shall be considered by the board in accordance with the provisions of paragraph (a) of subsection (4) of this section.

Colo. Rev. Stat. § 17-2-201(9)(a)(I); *see also* Colo. Rev. Stat. § 17-2-201(9)(a)(II) (providing that "[t]he provisions of subparagraph (I) of this paragraph (a) shall also apply to all interviews of inmates who apply for parole pursuant to section 17-22.5-303, who were sentenced for an offense committed on or after July 1, 1979."). Section 17-2-201(4)(a) provides that the parole board has the following powers and duties:

> To meet as often as necessary every month to consider all applications for parole. The board may parole any person who is

> sentenced or committed to a correctional facility when such person
> has served his or her minimum sentence, less time allowed for
> good behavior, and there is a strong and reasonable probability that
> the person will not thereafter violate the law and that release of
> such person from institutional custody is compatible with the
> welfare of society. If the board refuses an application for parole,
> the board shall reconsider the granting of parole to such person
> within one year thereafter, or earlier if the board so chooses, and
> shall continue to reconsider the granting of parole each year
> thereafter until such person is granted parole or until such person is
> discharged pursuant to law.

Colo. Rev. Stat. § 17-2-201(4)(a).

The parole board denied Applicant's parole application following his June 2011 parole interview because of "aggravating factors given the circumstances of the offense." (Doc. #12-1 at 1; *see also* Doc. #12-1 at 3.) Although the parole board's explanation is terse, there is no question that the nature of the crime committed is a proper factor for consideration by the parole board. *See Schuemann*, 624 F.2d at 174. Furthermore, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Id.* As a result, the Court finds that Applicant fails to demonstrate the parole board's decision was an abuse of discretion.

Applicant's specific arguments in support of his claims in the Application do not alter this conclusion. As noted above, Applicant contends in his first two claims that Ms. Quinones refused to consider credible evidence, choosing instead to rely on erroneous information regarding his sexual history and his efforts to participate in sex offender treatment. Even assuming this is true, Applicant still fails to demonstrate he is entitled to relief. "'[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right.'" *Wildermuth*, 147 F.3d at 1236 (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986)).

Applicant's third claim also does not demonstrate that the parole board's decision was an abuse of discretion. To reiterate, Applicant maintains in his third claim that he should have been eligible for parole after serving fifty percent of his sentence and Ms. Quinones did not allow him to correct the DOC's allegedly erroneous determination that he was not eligible for parole until he served seventy-five percent of his sentence. However, Applicant fails to demonstrate any connection between his parole eligibility date and the parole board's denial of parole following his June 2011 parole interview. The record indicates that Applicant has been eligible for parole since December 1, 1996. (*See* Doc. #12-1 at 3.) As discussed above, the record also indicates that the parole board denied Applicant release on parole in June 2011 because of "aggravating factors given the circumstances of the offense." (Doc. #12-1 at 1.) There is no indication that the parole board's decision was based on Applicant's parole eligibility date or somehow was affected by the allegedly erroneous calculation of his parole eligibility date.

### III. Conclusion

For all of these reasons, the Court finds that Applicant is not entitled to any relief and the habeas corpus application will be denied. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #2) filed July 13, 2010, by Applicant Robert Schwartz is DENIED. It is

FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 6th day of December, 2011.

BY THE COURT:

_____
R. BROOKE JACKSON
United States District Judge